## Mishkin v. City of Allentown Zoning Hearing Board

*Morris Efron*, for appellant.

*J. I. Kaufman*, for appellee.

*William E. Schantz*, for intervenors.

KOCH, P. J., February 23, 1971.—Morris Gross is the equitable owner of a vacant tract of land in the City of Allentown described as 820-960 Cedar Crest Boulevard and 3120-3356 Trexler Boulevard. The tract, consisting of 32.38 acres, is situate in a resi-

dence "A" district. C. Thomas Fuller, the legal owner, and Morris Gross are the intervenors. Appellant, Alvin Mishkin, a resident of the area, has appealed from a decision of the zoning board of adjustment which entered an order approving a special use application for the development of multi-family dwelling units. The record certified to the court contains the testimony heard by the board and its findings of fact. We deem the record adequate to dispose of the question raised in this appeal.

The application came to the board as an exception under the special use provisions of the ordinance, namely, section 12(a)7. Such an application may be approved by the board if the requirements of this section are met, and if, in the opinion of the board, the public health, comfort and convenience will be safeguarded and the general character of the neighborhood will be preserved. It is conceded by appellant that the applicant met each of the requirements except subsection (b), which provides as follows:

"(b) The total number of dwelling units in the development shall not exceed 8% net acre and not more than 15% of the net land area shall be occupied by buildings."

The board found that the 259-unit complex* contemplated would occupy less than 15 percent of the net land area, including ground to be used for driveways.

In its calculation, the board included in the net land area approximately 61,000 square feet of the total acreage which will be devoted to driveways. It is clear that if the board erred in the inclusion of the driveways area, the requisites of the ordinance with

---

* A preliminary site plan reflecting a multi-family complex of 259 units was approved by the city planning commission as presented.

respect to density and land coverage would not be met. It is this finding which is challenged.

The record shows considerable testimony showing the nature of the driveways and the applicant's position was that the 61,000 square feet were not streets in the conventional sense of the term. The board found, and the testimony is sufficient to support the finding, that the development will contain its own system of driveways which will not be dedicated to public use. The driveways will be private and will be completely maintained and controlled by the developer for use of the residents, guests and suppliers of services.

An examination of the plan also supports the finding that the proposed driveways will not conform and adhere to the usual pattern of the street system of Allentown or its adjoining municipality, South White-hall Township.

Unfortunately, the ordinance does not contain a precise answer to the problem of what constitutes "net acre" and "net land area." The ordinance also refers to "net land area" with respect to residence "B" districts, section 5(a)(3): "The coverage of the net land area (area exclusive of *public* streets) shall not exceed 25%." (Italics supplied.)

The board concluded that the driveways could not be identified clearly as "public streets." At page 5 of its decision, the following appears:

"In light of the limited terminology or interpretation of the Ordinance itself, private driveways are not synonymous with public roads."

Appellant urges that we reverse the order of the board and deny the special use application on the narrow ground that the driveways are, in fact, streets. This, obviously, would result in a reduction in the number of units which might be erected on the tract.

No Pennsylvania cases dealing with this problem have been called to our attention and our own research has discovered none. Appellant has cited Clarks Lane Garden Apartments v. Schloss, 197 Md. 457, 79 A. 2d 538; Loveladies Property Owners Assoc., Inc. v. Barnegat City Service Co., 60 N. J. Superior Ct. 491, 159 A. 2d 417, and Sommers v. Major et al., 215 Md. 1, 135 A. 2d 625, which would appear to hold that there can be no distinction between public and private streets. Without analyzing each of the cases, we deem it sufficient to observe that the interpretation of specific ordinances was involved, and the nature of the "streets" was quite different from the one which presently concerns us. For example, in Clarks Lane Garden Apartments, Inc. v. Schloss, supra, at page 461, the court said:

"The very fact that the paper development, as laid out, accepts the proper streets as a part of the plan, is at least some indication that their future use as streets, *and not as a part of the building program*, is anticipated." (Italics supplied.)

It is clear that in the case at bar the plan incorporates the driveways as a part of the building program, and their design is such that their use as streets in the usual sense is extremely doubtful.

We regard the board's decision that there is a distinction between public and private "streets" for the purposes of deciding whether the "net land area" requirement was met in this case is sound. The element of *public use* is implicit in the definition of the term "street." The principle is well stated in 64 C.J.S. Municipal Corporations, sec. 1653: "The question whether a way is public or private is determined by the right of the public to use it, and not by its size or the number of persons who may choose to exercise the right."

In concluding that the board was not guilty of a manifest abuse of discretion or error of law, we are also mindful of a basic principle which is often overlooked. We refer to what has frequently been designated as the "strict construction rule." In Fidler v. Zoning Board of Adjustment et al., 408 Pa. 260, 265, the court stated:

"It is fundamental that restrictions imposed by zoning ordinances are in derogation of the common law and must be strictly construed: Rolling Green Golf Case, 374 Pa. 450, 97 A. 2d 523 (1953); Lord Appeal, 368 Pa. 121, 81 A. 2d 533 (1951); and, Medinger Appeal, 377 Pa. 217, 104 A. 2d 118 (1954). Such restrictions must not be so construed as to fetter the use of the land by implication. The permissive widest use of the land is the rule and not the exception, unless specifically restrained in a valid and reasonable exercise of the police power."

### ORDER

Now, February 23, 1971, the appeal of Alvin Mishkin from the order of the Zoning Board of Adjustment of the City of Allentown dated July 27, 1970, is dismissed.